IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENDRA DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-05-393-C |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff previously requested attorney's fees pursuant to 42 U.S.C. § 406(b) and also requested that the Court stay the motion pending resolution of Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931 (10th Cir. 2008).  (See Pl.'s Mot., Dkt. No. 24; Pl.'s Supplemental Mot., Dkt. No. 30.)  After granting the stay, the Court then lifted it on May 27, 2008, upon Plaintiff's motion and the issuance of Wrenn.  The government then filed its response, and this matter is now at issue.

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

On December 22, 2005, the Court entered an Order reversing and remanding Plaintiff's case for further administrative proceedings. It is undisputed that after remand the Commissioner issued a favorable decision finding that Plaintiff had been disabled since September 2002. (See Pl.'s Mot. Ex. 1.) On March 3, 2007, a notice of award was issued, and Plaintiff was informed she would receive past-due benefits of $28,654.00. (See Pl.'s Supplemental Mot. Ex. 1.) Plaintiff then filed her motion for § 406(b) fees on May 4, 2007. (See Pl.'s Mot.) Thus, it is clear that Plaintiff has received a favorable judgment and applied for an award within a reasonable time. See McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006) (holding § 406(b)(1) allows a district court to award attorney's fees when the court remands for further proceedings and there is a subsequent award of benefits by the Commissioner); id. at 505 (noting request for fees must be made within a reasonable time of the Commissioner's decision).

The only question remaining is whether the fee request is reasonable. Fee requests are capped at no more than twenty-five percent of the amount of the past-due benefits. See § 406(b)(1)(A). Here, Plaintiff's attorney seeks $4,962.00, which is about seventeen percent of the past-due award. Thus, the request is within the statutory ceiling. Plaintiff's attorney notes that while under the contract with Plaintiff she is entitled to $7,613.50 in fees – or twenty-five percent of the past-due benefits – the agency withheld that amount from the past-due award and has already paid $5,200.00 from that sum to Plaintiff's non-attorney representative. (See Pl.'s Supplemental Mot. at 2.) Thus, the agency now holds $1,963.50 to pay fees. (See id.) Plaintiff's attorney accordingly has lowered her request to $4,962.00,

which comprises the $1,963.50 held by the agency as well as the $2,998.50 in attorney's fees that the Court previously awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (See Order, Dkt. No. 23.)

Here, Plaintiff's counsel has provided sufficient service to merit an award of $4,962.00.  It is clear from Plaintiff's motion that her "federal court attorney" did not represent Plaintiff before the agency; the time records that were submitted with Plaintiff's EAJA motion indicate that her attorney thus had to perform a thorough study of the administrative record at the outset.  (See Pl.'s Supplemental Mot. at 2; Pl.'s Mot. for EAJA Fees, Dkt. No. 21, Ex. 1 at 3.)  While a computation of the amount sought divided by the hours expended reveals an hourly rate somewhat higher than the Court would expect (see Pl.'s Mot. for EAJA Fees), the Supreme Court has indicated that the lodestar method is not the proper manner for evaluating the reasonableness of a § 406(b) contingency fee.  See Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002).  Rather, the Court is to evaluate the reasonableness of the fee in light of the results obtained.  Id. at 807.

As noted, the remand of Plaintiff's case resulted in a favorable result for Plaintiff that included a sizable award of past-due benefits.  Considering the ultimate benefit to Plaintiff, an award of this amount is reasonable.  Bolstering this conclusion is consideration of the net amount the client will actually pay.  Plaintiff previously received an attorney's fee award under the EAJA in the amount of $2,998.50.  (See Order.)  As required by law, Plaintiff's counsel shall refund that lesser award to Plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

Upon consideration of the facts and circumstances presented, the Court finds that the requested amount of $4,962.00 represents a reasonable fee for the work done in this case in view of the nature of the representation and the results achieved. The Court further finds that the motion was filed within a reasonable time of the Commissioner's decision awarding benefits.

## CONCLUSION

As set forth more fully within, Plaintiff's motion for attorney's fees (Dkt. Nos. 24, 30) is GRANTED. The Court approves an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $4,962.00, to Plaintiff's attorney Gayle L. Troutman of the firm Troutman & Troutman, P.C.

IT IS SO ORDERED this 22nd day of July, 2008.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge